UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KARLA AGUIRRE, INDIVIDUALLY AND AS NEXT FRIEND OF NATALIE ALEXIS AGUIRRE AND JOSHUA XAVIER AGUIRRE, AND AS REPRESENTATIVE OF THE ESTATE OF DANIEL AGUIRRE (DECEDENT), | § § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H:11-3440 |
| HARRIS COUNTY SHERIFF'S OFFICE AND HARRIS COUNTY, | § § § § | |
| *Defendants*. | § | |

### ORDER

Pending before the court is defendant Harris County's motion for summary judgment (Dkt. 16) and Harris County's unopposed motion to extend page limit (Dkt. 15). Plaintiff Karla Aguirre has not responded to the motion, and the motion will therefore be treated as unopposed.[1] After considering the motion and applicable law, and for the reasons set forth below, defendant's motion for summary judgment is GRANTED.

### I. BACKGROUND

On July 29, 2009, Daniel Aguirre was arrested by the Houston Police Department and taken into custody at the Harris County prison to await trial. Dkt. 16-2. Kenia Avelar, Aguirre's aunt, claims that she visited him at the Harris County jail on August 16, 2009. *Id*. At that meeting, Aguirre allegedly informed Avelar that a guard at the facility had assaulted him by "attempt[ing] to

---

[1] Under the Local Rules of the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition." S.D. TEX. L.R. 7.4.

open a door with his head." *Id*. Avelar claims that she tried to file a complaint that day at the facility, but was laughed at by the guards. *Id*. Aguirre was later taken to St. Joseph's Medical Center, where he died on August 18, 2009. *Id*.

Plaintiff Karla Aguirre, individually and as next friend of Natalie Alexis Aguirre and Joshua Xavier Aguirre, and a the representative of the estate of Daniel Aguirre, filed a wrongful death action against Harris County and Harris County Sheriff's Office in the 113th Judicial District Court of Harris County, Texas, on August 18, 2011.[2] Dkt. 1-2. Karla Aguirre asserted negligence and assault claims as well as statutory claims under §1983 of the Civil Right Act and the Texas Tort Claims Act ("TTCA"). *Id*. On September 22, 2011, Harris County removed the case to this court. Dkt.1. Harris County filed the instant motion for summary judgment (Dkt. 16) on August 31, 2012. Plaintiff did not file a response in opposition. The motion is ripe for adjudication.

## II. LEGAL STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is therefore entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The moving party bears the initial burden of informing the court of all evidence, if any, demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine dispute of material fact. *Id.* at 322. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the

---

[2] Karla Aguirre is Daniel Aguirre's mother. Dkt. 1-2. Natalie Alexis Aguirre and Joshua Xavier Aguirre are Daniel Aguirre's children. *Id.*

nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005). A dispute is "material" if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248. The substantive law determines the facts which are material in each case. In determining whether a genuine dispute of material fact exists, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *See id.* at 255; *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005).

### III. ANALYSIS

Harris County moves for summary judgment on all of Plaintiff's claims. Dkt. 16. Harris County bears the initial burden on summary judgment of demonstrating an absence of a genuine dispute of material fact, and it may do so by identifying a lack of evidence to support one or more essential elements of the non-movant's claim. *See* FED. R. CIV. R. 56(a); *Celotex,* 477 U.S. at 323-25; *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012). Harris County has met this burden by showing that the plaintiff has not presented any evidence on any of its claims. Specifically, Harris County argues that plaintiff has no evidence to show that Aguirre was injured as a result of the negligence of jail personnel, that the Harris County Sheriff had a constitutionally deficient policy or custom regarding use of force in the jail, or that the sovereign immunity of Harris County has been waived, allowing for the TTCA and wrongful death claims to proceed.

Because Harris County has met its burden under Rule 56, the burden to avoid summary judgment shifts to the non-movant, who must go beyond the pleadings and "come forward with specific facts indicating a genuine issue for trial." *Moreno*, 667 F.3d at 550. Plaintiff has not

responded to Harris County's motion for summary judgment, and thus fails to meet her burden. Harris County's motion for summary judgment (Dkt. 16) is therefore GRANTED.

### IV. HARRIS COUNTY SHERIFF'S OFFICE

In its motion, Harris County asserts that defendant Harris County Sheriff's Office is a *non sui juris* entity that lacks legal capacity to sue or be sued. Dkt. 16 at 1 n.1. The Harris County Sheriff's Office is merely a subdivision of Harris County, and it cannot be sued as an independent entity unless Harris County specifically granted the Sheriff's Office the capacity to sue and be sued. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991); *see also Potts v. Crosby Ind. Sch. Dist.*, 210 Fed. App'x 342, 344-45 (5th Cir. 2006) (noting, with approval, that the district court "held that Harris County Sheriff's Department, as a *non sui juris* division of Harris County, lacks the capacity to be sued"). Harris County has not done so. Thus, the claims against the Harris County Sheriff's Office are hereby DISMISSED WITH PREJUDICE.

### V. CONCLUSION

After consideration of the motion and applicable law, Defendants' motion for summary judgment (Dkt. 16) and motion to extend page limit (Dkt. 15) are GRANTED. All of Aguirre's claims are hereby DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on November 30, 2012.

_____
Gray H. Miller
United States District Judge